United States District Court
Southern District of Texas

**ENTERED**

November 23, 2021

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALFRED CARL HAYES,<br>TDCJ #01559867,<br><br>Plaintiff,<br>VS.<br><br>WARREN KROLL and JIM BARNHILL,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-20-2572 |

## MEMORANDUM AND ORDER

Plaintiff Alfred Carl Hayes (TDCJ #01559867) is a state prisoner in custody of the Texas Department of Criminal Justice ("TDCJ"). At the time Hayes filed this prisoner civil rights complaint under 42 U.S.C. § 1983, he was confined at the Ellis Unit in Huntsville, Texas. He names Defendant Warren Kroll, a TDCJ supervisor at the Ellis Unit Bus Barn, and Jim Barnhill, another TDCJ supervisor at the Bus Barn, as the Defendants in this case.[1] Pending is Defendants' Motion for Summary Judgment (Doc. No. 14). The Court has carefully considered the pleadings, motion, evidence in the record, and applicable law and concludes as follows.

---

[1] *See* Doc. No. 1 at 3. On May 21, 2021, the Court dismissed Hayes's claims against Jim Barnhill without prejudice based on Hayes's representation that he did not want to pursue claims against him. *See* Doc. No. 18 at 3-4. Therefore, only the claims against Kroll remain and are considered in this Order.

## I.   Background

Hayes alleges that on or around September 24, 2019, after non-defendant Mr. Ronnie Cannon strip-searched him, Hayes bent over to pick up his clothes when Defendant Warren Kroll put his hand in the crack of his buttocks or anus.[2]   He also alleges that Kroll called him vulgar names.[3]   He asserts that there was no reason for Kroll to touch him in this manner and that there were witnesses to the incident.[4]   He claims that Mr. Cannon spoke to all the employees, including Kroll, about not touching the inmates, but that Kroll continues to touch other inmates in a sexual manner.[5] Hayes states that he talked to a mental health provider to try to deal with the incident and contends that Kroll's conduct violated his Eighth Amendment rights.   For relief, he seeks a criminal investigation into his allegations and punitive damages.[6]

---

[2] *See* Doc. No. 1 at 4, 1-2 at 1.
[3] Doc. No. 1-2 at 1.
[4] Doc. No. 1 at 4.
[5] Id.
[6] Id.

## II.  Legal Standards

### A.  Summary Judgment

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  Duckett v. City of Cedar Park, Tex., 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact."  Hamilton v. Seque Software, Inc., 232 F.3d 473, 477 (5th Cir. 2000) (quoting Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994)).

Factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" Alexander v. Eeds, 392 F.3d 138, 142 (5th Cir. 2004) (quoting Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999)).  "Mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment."  Eason v.

3

Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing Topalian v.
Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992)).  The Court may grant
summary judgment on any ground supported by the record, even if
the ground is not raised by the movant.  United States v. Houston
Pipeline Co., 37 F.3d 224, 227 (5th Cir. 1994).

**B.  Qualified Immunity**

Qualified immunity generally shields public officials acting
within the scope of their authority from civil liability.  *See*
Harlow v. Fitzgerald, 102 S. Ct. 2727, 2738 (1982).  Qualified
immunity protects "all but the plainly incompetent or those who
knowingly violate the law."  Malley v. Briggs, 106 S. Ct. 1092,
1096 (1986).  As a result, courts will not deny qualified immunity
unless "existing precedent . . . placed the statutory or
constitutional question beyond debate."  Ashcroft v. al-Kidd, 131
S. Ct. 2074, 2083 (2011).

Therefore, a plaintiff seeking to overcome qualified immunity
must show: "(1) that the official violated a statutory or
constitutional right, and (2) that the right was 'clearly
established' at the time of the challenged conduct."  Id. at 2080
(citation omitted).  "Whether a defendant asserting qualified
immunity may be personally liable turns on the objective legal
reasonableness of the defendant's actions assessed in light of

4

clearly established law." Fraire v. City of Arlington, 957 F.2d 1268, 1272 (5th Cir. 1992).

When a defendant raises the defense of qualified immunity, the plaintiff bears the burden to negate the defense once it is properly raised. Brumfield v. Hollins, 551 F.3d 322, 326 (5th Cir. 2008) (citing Bazan ex rel. Bazan v. Hildago County, 246 F.3d 481, 489 (5th Cir. 2001)).

## III. Discussion

Defendants move for summary judgment, contending, among other things, that Hayes does not raise a genuine issue of material fact that Kroll's actions towards Hayes were objectively, sufficiently serious to constitute a constitutional violation. Doc. No. 14 at 14. Kroll also asserts qualified immunity. Id. at 6-7.

A prison official's sexual abuse of an inmate may reach constitutional dimensions and give rise to a claim under section 1983 in some circumstances. See Boddie v. Schnieder, 105 F.3d 857, 860-61 (2d Cir. 1997) (affirming dismissal because the inmate's allegations were not "objectively, sufficiently serious" to state an Eighth Amendment violation). Whether the alleged sexual abuse or physical assault violates the Eighth Amendment depends upon: (1) whether the alleged sexual abuse was "objectively, sufficiently serious"; and (2) whether the prison

5

official involved acted with "a sufficiently culpable state of mind." See id. at 861; Harper v. Showers, 174 F.3d 716, 719-20 (5th Cir. 1999); Copeland v. Nunan, 250 F.3d 743, 2001 WL 274738, at *2 (5th Cir. 2001) (unpublished op.). Although a single, brief encounter that causes no physical injury or pain is unlikely to implicate the Eighth Amendment, "a single incident of sexual abuse, if sufficiently severe or serious, may violate an inmate's Eighth Amendment rights no less than repetitive abusive conduct." Crawford v. Cuomo, 796 F.3d 252, 257 (2d Cir. 2015) (explaining that its holding in Boddie should not be interpreted narrowly and that "[a] corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment").

The Fifth Circuit has noted that "[w]hile violent sexual assaults involving more than de minimis force are actionable under the Eighth Amendment, see Schwenk[ v. Hartford, 204 F.3d 1187, 1196-97 (9th Cir. 2000)],[7] isolated, unwanted touchings by prison employees, though 'despicable and, if true, they may potentially be the basis of state tort actions . . . they do not involve a

---

[7] In Schwenk, the guard allegedly sexually abused the plaintiff, who was a transsexual inmate, by subjecting her to repeated sexual advances, demands of oral sex, and attempted forcible rape. 204 F.3d at 1193-94.

harm of federal constitutional proportions as defined by the Supreme Court.'" Copeland, 2001 WL 274738, at *3 (quoting Boddie, 105 F.3d at 860-61).

Indeed, numerous courts in the Fifth Circuit have concluded that incidents like the one Hayes alleges, involving a single, brief encounter that did not produce physical injury, although "despicable" and potentially a state tort, did not violate the Eighth Amendment. *See, e.g.,* Allen v. Johnson, 66 F. App'x 525, 2003 WL 21017401, at *1 (5th Cir. Apr. 15, 2003) (unpublished op.) (affirming the district court's dismissal as frivolous under 28 U.S.C. § 1915(e) where prisoner alleged that the guard touched him in a sexual manner during routine pat-down searches); Felan v. Fernandez, Civ. A. No. SA-17-CV-880-XR, 2019 WL 3781443, at *3 (W.D. Tex. Aug. 12, 2019) (dismissing claim that a prison guard grabbed his buttocks as "isolated, unwanted touching" rather than "repugnant contact of a sexual nature that offends modern standards of decency"); Ben v. Brinks, No. EP-13-CV-00023-KC, 2014 WL 931796, at *2 (W.D. Tex. Feb. 13, 2014) *rec. adopted,* 2014 WL 931432 (W.D. Tex. Mar. 10, 2014) (dismissing under 28 U.S.C. § 1915(e) where the plaintiff alleged he was awakened one night by guard rubbing and touching his inner thighs and buttocks); Brown v. Sloan, No. 1:09-CV-01066, 2010 WL 476720 (W.D. La. Feb. 10, 2010) (holding that a single incident of sexual fondling was not "the kind of

7

'severe and repetitive' abuse or wanton and sadistic infliction of
pain that rises to the level of an Eighth Amendment violation");
Wright v. Thompson, No. 3:09-CV-1544, 2010 WL 3282955, at *1 (W.D.
La. Jun. 30, 2010), rec. adopted, 2010 WL 3282957 (W.D. La. Aug.
17, 2010) (dismissing with prejudice under 28 U.S.C. §
1915(e)(2)(B) because a guard's "single, brief physical contact"
of touching the plaintiff's penis on one occasion, coupled with
verbal harassment, "are not sufficiently serious and pervasive to
permit redress under the Eighth Amendment").

Hayes alleges that, on one occasion, Kroll placed his hand in
the crack of his buttocks or anus when Hayes bent over to gather
his clothes after a strip search. He does not allege any physical
injury in connection with the incident. The summary judgment
evidence shows that although he sought mental health counseling
once in the month following the incident in October 2019, he denied
any current mental health needs or problems and did not seek
further treatment.[8]

Taking these allegations as true and drawing all justifiable
inferences in Hayes's favor, Hayes does not raise a fact issue
that he was subjected to objectively, sufficiently serious conduct
to establish a constitutional violation. Like the incidents in
the cases mentioned above, Hayes recounts a single, brief encounter

---

[8] See Doc. No. 14-2 at 29-33 (Ex. B at BATES MSJ Exh B-095-099).

that did not result in physical injury. Although such conduct may amount to a state tort, it does not constitute cruel and unusual punishment under the Eighth Amendment under current Fifth Circuit law.

In addition, Hayes does not point to evidence to raise a fact issue that Kroll's actions, which were incidental to or shortly following a strip search, were devoid of any penological purpose so as to indicate a "sufficiently culpable state of mind." Boddie, 105 F.3d at 861 (explaining that evidence showing that there was no legitimate penological purpose for the conduct may indicate a sufficiently culpable state of mind for the subjective element of a sexual abuse claim). Because Hayes does not raise a fact issue on either the objective or subjective prong to support his Eighth Amendment sexual abuse claim, Kroll is entitled to summary judgment.

Similarly, Hayes's allegations of verbal insults or verbal abuse from Kroll do not state a constitutional claim for relief under 42 U.S.C. § 1983. *See* Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002) (citing Siglar v. Hightower, 112 F.3d 191, 193-94 (5th Cir. 1997)).

Hayes does not point to binding precedent of the Fifth Circuit or the United States Supreme Court or raise a fact issue to show that Kroll's conduct towards him violated any of his clearly

established constitutional rights.   Therefore, he does not meet his burden to overcome Kroll's assertion of qualified immunity, and his claims must be dismissed.  *See* al-Kidd, 131 S. Ct. at 2080 (a plaintiff must show a violation of a clearly established constitutional right to defeat qualified immunity).

## IV.   ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment (Doc. No. 14) is **GRANTED,** and the claims against the remaining Defendant, Warren Kroll, are **DISMISSED** with prejudice; and it is

**ORDERED** that all other pending motions, if any, are **DENIED as MOOT.**

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 20TH day of November, 2021.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE